Floyd W. Bybee, #012651
**BYBEE LAW CENTER, PLC**
90 S. Kyrene Rd., Ste. 5
Chandler, AZ 85226-4687
Office: (480) 756-8822
Fax: (480) 297-0917
floyd@bybeelaw.com

Attorney for Plaintiff

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

|  |  |
|---|---|
| Michael Tramontin, | No. CV 20-1677-PHX-SRB |
| Plaintiff, | |
| v. | **JOINT CASE MANAGEMENT REPORT** |
| RealPage, Inc., d/b/a LeasingDesk Screening, | |
| Defendant. | |

Plaintiff Michael Tramontin and Defendant RealPage, Inc. (collectively, the "Parties"), by and through their counsel, submit this Report pursuant to Fed. R. Civ. P. 26(f) and report as follows:

***1.     Parties Attending Rule 26(f) Meeting.***

**Attorney Floyd Bybee** representing Plaintiff Michael Tramontin

**Attorneys James Acosta** representing Defendant RealPage, Inc.

***2.     List of Parties in Case.***

Plaintiff:     Michael Tramontin

1     Defendant: RealPage, Inc., d/b/a LeasingDesk Screening

2    **3.**    ***Nature of Case.***

3      **Plaintiff's Statement:**

4      Plaintiff brings this action for damages against Defendant RealPage,

5  Inc. alleging violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et*

6  *seq.* (hereafter the "FCRA") for reporting derogatory and inaccurate

7  information on Plaintiff's background check. The inaccurate information

8  relates to Plaintiff's criminal history and includes a felony conviction record

9  from 2002 which was set aside by court order signed June 12, 2007, directing

10  the clerk of the court to seal all records of the prior conviction. Plaintiff was

11  denied a lease of an apartment as a result of this inaccurate information

12  contained on Plaintiff's background check. Plaintiff seeks statutory, actual

13  and punitive damages, as well as his costs of the action together with

14  reasonable attorney's fees once he is successful in establishing liability.

15      **Defendant's Statement:**

16      Upon information and belief, Defendant has accurately reported

17  background and information pertaining to the Plaintiff when Plaintiff

18  applied for a lease with the Modena apartment complex. At all relevant

19  times, Defendant maintained and followed reasonable procedures to avoid

20  violations of the Fair Credit Reporting Act ("FCRA") and assure maximum

21  possible accuracy of the information concerning Plaintiff in preparing

22  consumer reports related to Plaintiff. Defendant has not acted with malice,

23  negligent, willful or reckless intent to harm Plaintiff, nor with reckless or

24  conscious disregard for the rights of Plaintiff, and Defendant has fully

25  complied with the FCRA. Defendant will also show that any alleged damage

1    suffered by Plaintiff was not caused by Defendant.

2          In addition, at this time Defendant does not have knowledge or

3    possession of facts or documents controlled by the Plaintiff. Therefore, this

4    statement is based on the facts known by Defendant at this time. Defendant

5    makes this statement without waiving any defense and reserves the right to

6    supplement this statement as the facts are developed.

7    **4.**    ***Jurisdiction.***

8          Jurisdiction of this Court arises under 15 U.S.C. § 1681p and 28 U.S.C.

9    § 1331.

10   **5.**    ***Parties Not Served.***

11         None.

12   **6.**    ***Addition Parties to be Added or Pleadings Amended.***

13         None identified at this time.

14   **7.**    ***List of Contemplated Motions.***

15         Plaintiff may file a motion or partial motion for summary judgment.

16         Defendant anticipates filing a motion for summary judgment.

17   **8.**    ***Reference to Magistrate Judge for Settlement Conference or***

18       ***Trial.***

19         The parties request to have the case referred to a Magistrate Judge for

20   a settlement conference only.

21   **9.**    ***Related Cases Pending.***

22         None.

23   **10.**    ***Issues Related to Disclosure or Discovery of Electronic***

24       ***Information.***

25         The Parties do not anticipate any issues pertaining to electronically

stored data which is produced in this case. Such data can be reduced to a "pdf" file, "tiff" image, or printed in hard copy format.

**11.**   ***Discussion of Issues Relating to Claims of Privilege or Work Product.***

None.

**12.**   ***Whether an Order Under Federal Rule 502(d) is Warranted.***

None.

**13.**   ***Discussion of Necessary Discovery.***

   **a.**   **Extent, Nature and Location of Discovery**

Plaintiff anticipates taking written discovery on Defendant for reporting derogatory and inaccurate information on Plaintiff's background check report. Plaintiff also anticipates taking written discovery on Defendant's compliance with the Fair Credit Reporting Act, 15 U.S.C. § 1681. Plaintiff also intends to depose a representative of Defendant company.

Defendant anticipates taking discovery on Plaintiff's claims in the Complaint, Plaintiff's criminal background history, communications between Plaintiff and the Modena apartment complex where his was allegedly denies a lease, Plaintiff's claims for extreme emotional distress, other damages he claims to have suffered, and any other issues that are raised by the pleading or discovery. Defendant intends to depose Plaintiff and any third parties Plaintiff identifies as potential witness to the case.

   **b.**   **Suggested Changes, if any, to Discovery Limitations**

None.

   **c.**   **Number of Hours for Permitted for Each Deposition**

The parties agree to each deposition to be limited to no more than 7

hours.

**14.     *Statement of When Parties Exchanged Initial Disclosures.***

The Parties will exchange their Initial Disclosures on or by October 14, 2020.

**15.     *Specific Deadlines.***

a.     Discovery will be completed by March 26, 2021.

b.     Plaintiff shall disclose his expert witnesses and reports, if any, no later than January 8, 2021. Defendant shall disclose its expert witnesses and reports, if any, no later than February 12, 2021.

c.     All expert depositions will be completed by March 26, 2021.

d.     The parties will engage in good faith settlement talks no later than January 15, 2021.

e.     Dispositive motions will be filed no later than April 30, 2021.

**16.     *Jury Trial.***

Plaintiff has requested a jury trial.

**17.     *Prospects for Settlement.***

Plaintiff will provide a settlement demand to Defendant in a timely manner and engage in confidential settlement negotiations.

Defendant

**18.     *Other Matters.***

The parties agree that pursuant to Rule 5(b)(2)(E) and 6(d) of the Federal Rules of Civil Procedure any pleadings or other papers may be served by sending such documents by email to the primary and/or secondary email addresses listed below (or any updated email address provided to all counsel of record). The parties also agree, upon request, to promptly (no later

- 5 -

1   than the second business day after the day of service) provide the sending

2   party with confirmation of receipt of the service by email. If an error or

3   delayed delivery message is received by the sending party, that party shall

4   promptly (within one business day of receipt of such message) notify the

5   intended recipient of the message and serve the pleading or other papers by

6   other authorized means.

7      floyd@bybeelaw.com

8      office@bybeelaw.com

9      jacosta@qslwm.com

10     mkirkland@qslwm.com

11

12     RESPECTFULLY SUBMITTED   September 30, 2020   .

13

14     s/ Floyd W. Bybee         s/ James Acosta

Floyd W. Bybee, #012651     James Acosta, #035876

15  **BYBEE LAW CENTER, PLC**  QUILLING, SELANDER, LOWNDS,

     90 S. Kyrene Rd., Ste. 5     WINSLETT & MOSER, P.C.

16  Chandler, AZ 85226-4687    6900 n. Dallas Parkway, Suite 800

     Office: (480) 756-8822       Plan, TX 75024

17  Fax: (480) 297-0917         Office: (214) 560-5455

     floyd@bybeelaw.com        jacosta@qslwm.com

18

     Attorney for Plaintiff       Attorney for Defendant

19

20

21

22

23

24

25